UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LYNN SCHOFIELD, | * | |
| Plaintiff, | * | NO. 22-CV-2699 |
| v. | * | SECTION: "R" (2) |
| NATIONAL FLOOD INSURANCE PROGRAM, et al., | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \*

## FEDERAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**NOW INTO COURT,** through the undersigned Assistant United States Attorney, comes Defendants, the National Flood Insurance Program, Deanne Criswell and Alejandro Mayorkas, and answers Plaintiff's, Lynn Schofield, Complaint as follows.

Defendants deny any and all allegations of Plaintiff's Complaint, whether express or implied, that are not specifically admitted, qualified or denied by this Answer.

### I. PARTIES[1]

1.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 1; to the extent a response is required, the allegations are denied.

2.

Defendants admits the allegations in Paragraph 2.

---

[1] Merely for ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

1

## II.  JURISDICTION AND VENUE

3.

Defendants admit that FEMA issues policies under the Standard Flood Insurance Policy (SFIP) and that losses are limited to flood.  Defendants deny all other allegations in Paragraph 3.

4.

The allegations in Paragraph 4 contain conclusions of law to which no response is required; to the extent a response is required, the allegations are denied.

5.

The allegations in Paragraph 5 contain conclusions of law to which no response is required; to the extent a response is required, the allegations are denied.

## III.  RELEVANT FACTS

6.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 6; to the extent a response is required, the allegations are denied.

7.

Defendants admit a policy was in place; however, Defendants lack sufficient information to admit or deny whether Schofield paid all premiums when due.  Defendants deny all other allegations in Paragraph 7.

8.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 8; to the extent a response is required, the allegations are denied.

9.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 9; to the extent a response is required, the allegations are denied.

10.

Defendants admit the allegations in Paragraph 10.

11.

Defendants only admit that FEMA is responsible for legally compensable claims under the SFIP, not all claims.  Defendants deny all other allegations in Paragraph 11.

12.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 12; to the extent a response is required, the allegations are denied.

13.

Defendants admit the allegations in Paragraph 13.

14.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 14; to the extent a response is required, the allegations are denied.

15.

Defendants deny the allegations in Paragraph 15.  Defendants only admit that their adjuster properly reported the extent of the damage and paid an amount to Schofield which she accepted.

16.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 16; to the extent a response is required, the allegations are denied.  Defendants do deny that FEMA would not adjust Schofield's claim fairly or accurately.

17.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 17; to the extent a response is required, the allegations are denied.

18.

Defendants admit Schofield submitted a barebones Proof of Loss but deny that Schofield complied with her obligations under the policy by failing to provide any of the required supporting documentation with her Proof of Loss. Defendants deny all other allegations in Paragraph 18.

19.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 19; to the extent a response is required, the allegations are denied.

29.[2]

Defendants only admit they have never denied, in whole or in part, Schofield's claim. Defendants deny all other allegations in Paragraph 29.

30.

Defendants deny the allegations in Paragraph 30.

31.

Defendants deny the allegations in Paragraph 31.

32.

Defendants deny the allegations in Paragraph 32.

33.

Defendants deny the allegations in Paragraph 33.

---

[2] The Complaint goes from Paragraph 19 to Paragraph 29. For ease of reference, Defendants refer to the paragraphs by their numbers in the Complaint.

34.

Defendants deny the allegations in Paragraph 34.

35.

Defendants deny the allegations in Paragraph 35.

## IV.  BREACH OF CONTRACT

36.

Defendants incorporate by reference each and every response made in the above paragraphs.  Defendants deny all other allegations in Paragraph 36.

37.

Defendants admit the allegations in Paragraph 37.

38.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 38; to the extent a response is required, the allegations are denied.

39.

Defendants deny the allegations in Paragraph 39.

40.

Defendants deny the allegations in Paragraph 40.

41.

Defendants deny the allegations in Paragraph 41.

42.

Defendants deny the allegations in Paragraph 42.

43.

Defendants deny the allegations in Paragraph 43, to include all subparagraphs.

44.

Defendants deny the allegations in Paragraph 44.

## PRAYER FOR RELIEF

45.

The final unnumbered paragraph beginning with WHEREFORE contains Schofield's requested relief to which no response is required. To the extent a response is required, Defendants deny Schofield is entitled to any of the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Defense

Schofield's Complaint fails to state a claim for which this Court may grant relief.

### Second Defense

The limited waiver of sovereign immunity at 42 U.S.C. § 4104(g), as reiterated and found in 44 C.F.R. § 67.12. 44 C.F.R. § 67.12 requires suit to be filed within sixty (60) days of the receipt of notice of determination.

### Third Defense

The limited waiver of sovereign immunity at 42 U.S.C. § 4104(g), as reiterated and found in 44 C.F.R. § 67.12, does not allow for this matter to proceed if the necessary conditions precedent have not been met.

### Fourth Defense

The scope of review for this claim is limited to an appellate review in accordance with the provisions of 5 U.S.C. § 706, as modified by 42 U.S.C. § 4104(b), *et seq.*

### Fifth Defense

The terms of the NFIA must be strictly construed and enforced as required by the Appropriations, Supremacy and Commerce clauses of the U.S. Constitution, and the Separation of Powers doctrine.

### Sixth Defense

All persons are charged with knowledge of he published federal laws and regulations, and the FIRM requirements are codified within federal regulation found in its entirety at 44 C.F.R. §§ 65 through 70.  Defendants also assert the provisions of 44 C.F.R. §§ 65 through 70 as affirmative defenses.

### Seventh Defense

The only remedy available in this lawsuit is outlined in 42 U.S.C. § 4104(g), as reiterated and found in 44 C.F.R. § 67.12.

### Eighth Defense

In accordance with 42 U.S.C. § 4104(g), as reiterated and found in 44 C.F.R. § 67.12, any final determination shall be effective during the pendency of the litigation unless stayed for good cause by the Court.

### Ninth Defense

If Schofield failed to comply with all the terms and conditions of the Act and Regulation (including, but not limited to, submitting scientific and technical data certified by an engineer or licensed land surveyor) prior to filing the lawsuit, then this lawsuit must be dismissed.  *See also* 44 C.F.R. § 67.6.

**Tenth Defense**

Schofield failed to "demonstrate that alternative methods or applications result in more correct estimates of base flood evaluations, thus demonstrating that demonstrating that FEMA's estimates are incorrect." *See* 44 C.F.R. § 67.6. Accordingly, Schofield's lawsuit must fail.

**WHEREFORE,** Defendants respectfully request that this Court deny all relief requested and dismiss the Complaint with prejudice.

        Respectfully submitted,

        DUANE A. EVANS
        UNITED STATES ATTORNEY

         /s/ ROBERT H. ADAMS
        **ROBERT H. ADAMS**
        Assistant United States Attorney
        LA Bar Roll No. 40166
        650 Poydras Street, Suite 1600
        New Orleans, Louisiana 70130
        Telephone: (504) 680-3004
        Facsimile: (504) 680-3174
        Robert.Adams9@usdoj.gov